AO 91 (Rev. 08/09) Criminal Complaint                                          M. Marshall

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
2011 OCT 14 AM 10: 30
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
           DEPUTY

United States of America
v.
Roberto CERON aka Jose Luis JIMENEZ,
Ariel LUNA, John OCHOA,
Cesar URIOSTIGUA-CALDERON,
Osbellia JIMINEZ-JAIMEZ, Amado RODRIGUEZ,

Case No. A-11-M-814

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 13, 2011__ in the county of __Travis__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, Section 841(a)(1) and 846 | Knowingly, intentionally, and unlawfully conspiring with others, known and unknown, to possess with intent to distribute an illegal controlled substance, to wit: cocaine HCL. |

This criminal complaint is based on these facts:

Affiant is Special Agent Mike Hill of the DEA.
On or about October 13, 2011 in Austin, Travis County, Texas, in the Western District of Texas

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mike Hill Special Agent DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/13/2011

_____
*Judge's signature*

City and state: Austin, Texas

Andrew Austin U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

I am a criminal investigator/special agent employed by the Drug Enforcement Administration (DEA). I have worked for the DEA for over 20 years and I am currently assigned to the Austin Resident Office. During the course of my duties, I have learned the following information from my observations and from other investigators that I have worked with during this investigation:

On October 13, 2011, Pflugerville Detective Carlos Deleon, acting in an undercover capacity (UC), negotiated with Roberto CERON and Ariel LUNA for the delivery of five kilograms of cocaine. Based on undercover negotiations over the telephone, LUNA directed CERON to arrange a cocaine delivery for the UC. At approximately 8:00 p.m., CERON agreed to meet the UC at the Fairfield Inn located off Interstate 35 near Parmer Lane, Austin, Texas. At approximately 8:30 p.m., CERON and three other male subjects arrived at the Fairfield Inn occupying two vehicles.

The Austin Police Department arrested CERON and the three subjects after they delivered five kilograms of cocaine to the UC. Investigators later identified the three subjects as John OCHOA, Cesar CALDERON and Amado RODRIGUEZ. At approximately 10:30 p.m., Austin Police arrested Ariel LUNA and his paramour Osbelia JIMENEZ at a gas station near Stassney Lane and I-35. Investigators subsequently interviewed the previously mentioned subjects at the APD.

During CERON's interview, CERON admitted to his involvement by confessing to the delivery of five kilograms of cocaine at LUNA's direction. LUNA also confessed that he directed CERON to deliver five kilograms of cocaine to the UC. CALDERON and OCHOA were not forthcoming about their involvement with the cocaine delivery. RODRIGUEZ did not cooperate and requested an attorney.

During JIMENEZ' interview, JIMENEZ admitted to facilitating illicit proceeds from LUNA's illegal alien smuggling activities. JIMENEZ indicated that she had used her bank account to deposit LUNA's profits from alien smuggling. Investigators also believe that JIMENEZ had facilitated cocaine sales and deliveries for LUNA and others during the course of the investigation.

Detective Lisa Morrill field tested the seized cocaine (a total of approximately 5 kilograms) that presumptively tested positive for cocaine.

Based on the facts set forth in this attachment, I believe that there is probable cause to believe that Ariel LUNA, Osbelia JIMENEZ, Roberto CERON, John OCHOA, Cesar CALDERON and Amado RODRIGUEZ conspired with others known and unknown to possess with the intent to distribute cocaine in violation of Title 21 USC 841 (a)(1) and 846.